**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-01579-RPM

KARI TANDY,

        Plaintiff,

v.

VOYA FINANCIAL, INC., f/k/a ING U.S., INC.;
ING INSTITUTIONAL PLAN SERVICES, LLC f/k/a CITISTREET, LLC;
ING INVESTMENT ADVISORS, LLC;
CITIGROUP, INC.;
STATE STREET, CORP. d/b/a/ STATE STREET RETIREE SERVICES and CITISTREET;
and
CENTURY LINK, INC.,

        Defendants.

---

**DEFENDANTS VOYA FINANCIAL, INC., ING INSTITUTIONAL PLAN SERVICES, LLC, ING INVESTMENT ADVISORS, LLC, AND STATE STREET CORPORATION'S PARTIAL MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

---

        Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants Voya Financial, Inc., ING Institutional Plan Services, LLC, ING Investment Advisors, LLC, and State Street Corporation ("the Moving Defendants") move to dismiss Plaintiff's Complaint in its entirety. In support of their motion, the Moving Defendants state as follows:

**INTRODUCTION**

        Plaintiff alleges that her ex-husband fraudulently withdrew funds from her 401(k) account in early to mid-2008. Nonetheless, she did nothing to inquire about her account balance or investigate the vanishing of her funds until late 2013, when she alleges without explanation that she suddenly "discover[ed]" the unauthorized transactions. (Compl. ¶ 31.) On June 25, 2014,

Plaintiff brought suit against the entities administering her plan for their actions in allowing the unauthorized transactions.

By that time, however, it was too late for most of Plaintiff's claims. Count I, for example, alleges breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1109. All but one of the allegedly unauthorized payments, however, occurred more than six years prior to the commencement of the suit, and thus are barred by ERISA's six-year absolute statute of limitations. 29 U.S.C. § 1113(1). Count I is barred with respect to all but the single payment that occurred within the limitations period.

Count II fails for two reasons. First, the Tenth Circuit holds that the sole remedy against a plan fiduciary for allowing an unauthorized plan withdrawal is a suit for breach of fiduciary duty, not a claim for denial of benefits. *Russell v. Chase Inv. Servs. Corp.*, 384 Fed. App'x 753, 755 (10th Cir. 2010). And second, even if Plaintiff could bring such a claim, it is time-barred too, because the relevant statute of limitations for this claim is three years. Count II should be dismissed in its entirety.

Count III, which alleges a state-law negligence claim, should also be dismissed because it is preempted by ERISA. *Jacobs v. Allstate Cafeteria Plan*, Civil Action No. 05-cv-01623, 2007 WL 951786, at *2 (D. Colo. Mar. 28, 2007) (holding that state law negligence claims for plan benefits are preempted). Even if it were not preempted, Count III is also untimely in light of the two-year statute of limitations for negligence claims under Colorado state law. Colo. Rev. Stat. § 13-80-102(1)(a). It should also be dismissed in its entirety.

Finally, all counts against defendant State Street, Corporation ("State Street") should be dismissed because the complaint fails to state a claim against State Street upon which relief can be granted.

## FACTUAL BACKGROUND

Plaintiff Kari Tandy is a resident of Littleton, Colorado, and a former employee of US West. (Compl. ¶ 5.) As an employee at US West, Plaintiff enrolled in US West's 401(k) plan. (*Id.*) The current administrator of the 401(k) plan is Century Link, Inc. (*Id.* ¶ 11.) The Complaint alleges that defendants Voya Financial, Inc., ING Institutional Plan Services, LLC, ING Investment Advisors, LLC, and State Street Corp. (the "Moving Defendants"), each were involved with administering the 401(k) plan in which Plaintiff participated, including making distributions from the fund. (*Id.* ¶¶ 6-9.)

The complaint alleges that in 2008 an individual claiming to be Plaintiff's husband successfully made a series of withdrawals from Plaintiff's 401(k) plan without her authorization. (Compl. ¶¶ 15-28.) Plaintiff does not know the identity of the individual who fraudulently withdrew funds from her account, but believes that it was her ex-husband Peter Tandy. (*Id.* ¶¶ 28, 31.) According to Plaintiff, the individual accomplished the fraud simply by calling the Moving Defendants and asking for the funds to be paid, after which the Moving Defendants forwarded a check to the caller. (*Id.* ¶¶ 17, 19, 21, 23, 26, 27.) Plaintiff alleges that the withdrawals were accomplished without sufficient scrutiny from the Moving Defendants to confirm the identity of the individual withdrawing the funds. (*Id.* ¶¶ 20, 29.)

The first allegedly unauthorized withdrawal occurred on January 11, 2008. (Compl. ¶ 15.) Other withdrawals followed on February 23, 2008, March 11, 2008, April 14, 2008, June 19,

2008, and July 30, 2008. (*Id.* ¶¶ 18, 21, 23, 25, 27.) Although the final withdrawal—on July 30, 2008—brought the balance of the 401(k) plan to zero (*id.* ¶ 27), Plaintiff alleges that she did not become aware of any of the unauthorized transactions until December 2013 (*id.* ¶ 31). The Complaint does not allege that the Moving Defendants failed to send quarterly reports of the 401(k) balance between 2008 and December 2013, but instead speculates that "her ex-husband simply removed the relevant quarterly report from the mail upon receipt." (*Id.*)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires dismissal if a complaint lacks sufficient factual allegations to support the alleged claim or fails to assert a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations and quotations omitted). Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

"Although the statute of limitations is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Cosgrove v. Kan. Dep't of Soc. & Rehab. Servs.*, 332 Fed. App'x 463, 465 (10th Cir. 2009) (quoting *Aldrich v. McCulloch Props., Inc.,* 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).

Group pleading, in which a plaintiff makes general allegations against a group of defendants without specifying adequate individual allegations, is not sufficient to satisfy federal pleading standards. *Seni v. Peterschmidt*, No. 12-cv-00320, 2013 U.S. Dist. LEXIS 40264, at *8

4

(D. Colo. Mar. 22, 2013) (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-1250 (10th Cir. 2008)).

## ARGUMENT

Each of the counts in Plaintiff's complaint, with one small exception, run afoul of the applicable statute of limitations, and must be dismissed. Moreover, Count II, which is a claim for unpaid benefits under ERISA, must be dismissed because it fails to state a claim on which relief can be granted. Count III, the common law negligence claim, is not only time-barred but is also preempted by ERISA. Finally, the Complaint alleges nothing regarding any act or omission by State Street.

### I. COUNT I IS BARRED BY ERISA'S SIX-YEAR ABSOLUTE LIMITATIONS PERIOD.

Count I of Plaintiff's complaint alleges that the Moving Defendants breached their fiduciary duty under ERISA by failing to secure proper authorization before releasing the funds from Plaintiff's account. (Compl. ¶¶ 33-38.) Under ERISA, however, no action alleging a fiduciary breach may be commenced "after the earlier of" (1) six years following "the date of the last action which constituted a part of the breach or violation" and (2) three years following "[t]he earliest date on which plaintiff had actual knowledge of the breach or violation," except in the limited case of "fraud or concealment." 29 U.S.C. § 1113. The absolute six-year bar applies from the date of the last action constituting the breach, regardless of whether the plaintiff has knowledge of the breach. *See Tibble v. Edison Int'l*, 729 F.3d 1110, 1120 (9th Cir. 2013), cert. pet. filed, No. 13-550, 82 USLW 3284 (Oct. 30, 2013); *see also* 29 U.S.C. § 1113(1).

Here, Plaintiff commenced suit on June 25, 2014. To avoid violating the ERISA statute of limitations, therefore, Plaintiff's cause of action must have accrued after June 25, 2008.

Plaintiff alleges that the Moving Defendants breached their fiduciary duty through a series of discrete events in which it paid benefits from her 401(k) plan to an unauthorized individual. All but one of those events occurred prior to June 25, 2014, and are therefore untimely. The court should accordingly dismiss Count I with respect to each of the events that occurred on January 11, 2008, February 23, 2008, March 11, 2008, April 14, 2008, and June 19, 2008.

Plaintiff cannot contend that the limitations period should be tolled on the basis of ERISA's exception for fraud or concealment. *See* 29 U.S.C. § 1113. To invoke this provision successfully, a plaintiff must allege the circumstances of the fraud with particularity. *Tuft v. First Trust Corp.*, Civil Action No. 86-K-16861986, 1986 U.S. Dist. LEXIS 18544, at \*6 (D. Colo. Oct. 24, 1986). That means that "Plaintiff must identify the specific circumstances of the concealment as well as how concealment was accomplished." *Id.* (citing *Saine v. A.I.A., Inc.*, 582 F. Supp. 1299, 1303 (D. Colo. 1984)). The Plaintiff has failed this test here, as she does not allege that the Moving Defendants committed any fraud or attempted to conceal the breach in any way.[1] She does not even allege that the Moving Defendants failed to send her quarterly statements showing her account balance, but instead speculates that her ex-husband somehow stole those statements. (Compl. ¶ 31.)

---

[1] Although the Court cannot consider evidence outside of the Complaint on this motion to dismiss, the Moving Defendants possess evidence showing that they did in fact send Plaintiff quarterly statements showing her account balance between 2008 and 2013. Plaintiff thus likely had knowledge of the breach well before 2011, and Moving Defendants expect to move for summary judgment that Plaintiff's claim with respect to the July 30, 2008, incident, which is not time-barred under the six-year absolute limitations period, is barred under the three-year actual knowledge limitations period.

The fraud exception is also unavailable if the Plaintiff has failed to exercise reasonable diligence and ignored indications that a breach might have occurred. *See J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1255 (1st Cir. 1996). Based on the allegations in her own Complaint, Plaintiff apparently failed to inquire about the value of her 401(k) account for over six years despite not receiving any quarterly statements reflecting the account value due to her ex-husband stealing them. (*See* Compl. ¶ 31.) This failure to make even a minimal inquiry represents an extreme lack of diligence, and also bars Plaintiff from invoking the fraudulent concealment exception. *See J. Geils Band*, 76 F.3d at 1260 (holding that the fraud exception is unavailable where, "[i]nstead of making a minimal inquiry or otherwise attempting to resolve the [issue], Appellants did absolutely nothing").

Accordingly, the fraud exception is inapplicable, and the bulk of Plaintiff's claims in Count I are barred by ERISA's six-year absolute limitations period.

## II. COUNT II FAILS TO STATE A CLAIM BECAUSE THERE ARE NO FUNDS IN PLAINTIFF'S ACCOUNT.

Count II, which Plaintiff styles an "ERISA Claim for Benefits," appears to be a claim for ERISA benefits under 29 U.S.C. § 1132(a)(1)(B). That section allows a plan participant to sue to "recover benefits due to him under the terms of his plan." The problem with Plaintiff's allegations, however, is that the Tenth Circuit has already held that a Plaintiff alleging a breach of fiduciary duty when his account was depleted through unauthorized withdrawals does not have a claim for benefits. *Russell v. Chase Inv. Servs. Corp.*, 384 Fed. App'x 753, 755 (10th Cir. 2010).

In *Russell*, the surviving spouse of the deceased owner of the account alleged that the defendant improperly released funds to her daughter while the plaintiff was in a legal dispute

with her daughter about control over the account. *Id.* at 754. The court rejected any contention that the plaintiff could seek recovery of the funds in the account, because "the [account] is virtually without value" and the plaintiff could not sue to recover funds that were not there. *Id.* at 755. Instead, the plaintiff's sole remedy was in her claim for breach of fiduciary duty, and the court evaluated her claim as such. *Id.* at 754-55.

Similarly, here, Plaintiff's complaint makes clear that there are no funds remaining in her account. (Compl. ¶ 27.) Because there are no benefits in her account for which she can sue, her sole remedy is her claim for breach of fiduciary duty. Count II should therefore be dismissed for failure to state a claim.

### III.   ALTERNATIVELY, COUNT II SHOULD BE DISMISSED BECAUSE IT VIOLATES THE STATUTE OF LIMITATIONS.

If Count II is not dismissed because it fails to state a claim, it must be dismissed in its entirety for violating the statute of limitations. Claims for benefits under ERISA are not subject to ERISA's statute of limitations for claims for breach of fiduciary duty. *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1290 (10th Cir. 1991). The court instead must apply the "most analogous state statute" of limitations to ERISA claims for which ERISA does not provide an explicit limitations period. *Id.* at 1291. The Tenth Circuit has held that for a claim for ERISA benefits in Oklahoma, the most analogous statute is the statute of limitations on written contracts. *Id.* This Court should similarly hold here that the appropriate statute of limitations in Colorado is the statute for written contracts.[2]

---

[2] Counsel for the Moving Defendants has not located a Tenth Circuit case addressing the appropriate analogous statute in Colorado. In *Aull v. Cavalcade Pension Plan*, 988 F. Supp. 1360 (D. Colo. 1997), the District of Colorado held that Colorado's six-year statute of limitations for "actions to recover . . . an unliquidated, determinable amount of money due to the person

In Colorado the statute of limitations for written contracts is three years, Colo. Rev. Stat. § 13-80-101(1)(a), and begins to accrue "on the date the breach is discovered or should have been discovered by the exercise of reasonable diligence." Colo. Rev. Stat. § 13-80-108(6). As argued above, by the exercise of reasonable diligence Plaintiff should have noticed that she had no funds remaining in her 401(k) account shortly after mid-2008 when the alleged unauthorized transactions lowered her account balance to zero. Plaintiff either received three years of quarterly statements between mid-2008 and mid-2011 or, alternatively, three years elapsed wherein Plaintiff did not receive *any* quarterly statements, assuming they were stolen by Plaintiff's ex-husband. Either way, Plaintiff was provided cause to investigate and discover her cause of action. Plaintiff's cause of action thus accrued before June 25, 2011, which is the latest date it could have accrued that would not make her claim in Count II untimely. If Count II is not dismissed for failure to state a claim, therefore, it should be dismissed as untimely.

## IV. COUNT III SHOULD BE DISMISSED AS PREEMPTED AND UNTIMELY.

ERISA explicitly preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). Laws that are preempted under

---

bringing the action" applied to claims for ERISA benefits. *Id.* at 1367-68. That holding, however, applied to an ERISA pension plan, not to a 401(k) account, and was based on the court's determination that the *amount* the plaintiff sought to recover was "provided for in, and calculable from, the pension plan" itself. *Id.* at 1367. By contrast, the 401(k) account here does not specify a fixed amount due to Plaintiff at a particular time. Instead, it is an investment account which may have funds deposited or withdrawn at various times. One thus cannot determine a fixed amount "due" to the account holder at any given time. Accordingly, the statute of limitations applicable to recovery of a "determinable" amount of money does not apply here. Moreover, a variety of courts have applied state breach of contract rules to a claim for plan benefits. *See, e.g.*, *Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program*, 222 F.3d 643, 648 (9th Cir. 2000) (California); *Hogan v. Kraft Foods*, 969 F.2d 142, 144-45 (5th Cir. 1992) (Texas); *Meade v. Pension Appeals & Review Comm.*, 966 F.2d 190, 194-95 (6th Cir. 1992) (Ohio). The court here should similarly apply Colorado's statute of limitations for written contracts as the most analogous state statute.

this standard include laws of general application when they are applied in such a way as to "relate to" an ERISA plan. *See Airparts Co., Inc. v. Custom Benefit Servs. of Austin, Inc.*, 28 F.3d 1062, 1065 (10th Cir. 1994). Specifically, laws that "provide an alternative cause of action to employees to collect benefits protected by ERISA" are preempted. *Id.* (citation omitted). The Tenth Circuit has specifically identified "common-law rules that provide remedies for misconduct growing out of the administration of the ERISA plan" as one of the categories of claims that are preempted. *Id.* at 1064-65 (citation omitted).

Based on this law, the District of Colorado has held that state law negligence claims seeking the payment of plan benefits are preempted by ERISA. *Jacobs*, 2007 WL 951786, at *2. Similarly here, there is no question that Plaintiff's negligence claims are seeking redress for the amount of the benefits that the Moving Defendants paid out in the allegedly unauthorized transactions. (Compl. ¶ 45.) This claim is simply another way of alleging misconduct in the administration of the ERISA plan. Plaintiff's negligence claim is similarly preempted.

Even if it were not preempted, Count III is also time-barred. Under Colorado law, the statute of limitations for a negligence claim is two years, Colo. Rev. Stat. § 13-80-102(1)(a), and it begins to accrue "on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence," Colo. Rev. Stat. § 13-80-108(1); *see also Morrison v. Goff*, 91 P.3d 1050, 1053 (Colo. 2004). Again, as argued above, Plaintiff should have known of the injury and its cause by inquiring about her 401(k) account balance sometime after mid-2008. Her cause of action accrued long before June 25, 2012, and Count III is therefore untimely.

## V.   THE COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANT STATE STREET.

Finally, all counts of the complaint should be dismissed against State Street, because the complaint fails to plead a claim against State Street, and indeed fails to include any substantive allegations at all about State Street's actions. To avoid dismissal under Rule 12(b)(6), "'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 520-21 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Moreover, group pleading, which alleges only general allegations against a group without specifying the actions a particular individual took, is not adequate to satisfy *Iqbal*. *See Seni*, 2013 U.S. Dist. LEXIS 40264, at *8 (("The fact that one individual had certain knowledge or motivation or took a certain action does not create an assumption or presumption that others in a group with that individual share that knowledge or motivation or took the same action."). Here, the complaint includes no allegations against State Street other than that State Street was identified as being an administrator or record keeper of US West's 401(k) plan during the period in question. *See* Compl. ¶ 9. None of the other allegations in the complaint specify any particular actions that State Street took or failed to take. In light of the complaint's failure to specify any acts that State Street took that make it liable to Plaintiff, all counts of the complaint against State Street should be dismissed. *See Toone*, 716 F.3d at 522 (dismissing a count when the complaint "fail[ed] . . . to specify what those acts were" that led to the alleged liability).

## VI.   CONCLUSION.

For the reasons stated above, the Moving Defendants respectfully request that the court dismiss Counts II and III in their entirety, and also dismiss Count I with respect to all incidents

of unauthorized withdrawal that occurred prior to June 25, 2008. The court should also dismiss all counts against defendant State Street.

Dated:   August 5, 2014                            Respectfully submitted,

                                                */s/ Edward C. Stewart*
Edward C. Stewart, #23834
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202-5647
Telephone:  (303) 244-1800
Facsimile:  (303) 244-1879
E-mail:   stewart@wtotrial.com

And

Joel S. Feldman
Daniel R. Thies
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
E-mail:   jfeldman@sidley.com
           dthies@sidley.com

*Attorneys for Defendants Voya Financial, Inc., ING Institutional Plan Services, LLC, ING Investment Advisors, LLC, and State Street Corporation*

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on August 5, 2014, I caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Jeffrey Darrell Pederson**
  jdp@jpedersonlaw.com, pedersonpc@gmail.com
- **Daniel Robert Thies**
  dthies@sidley.com, efilingnotice@sidley.com
- **Edward Craig Stewart**
  stewart@wtotrial.com, graham@wtotrial.com, powell@wtotrial.com
- **Joel Stephen Feldman**
  jfeldman@sidley.com, efilingnotice@sidley.com

*/s/ Edward C. Stewart*
Edward C. Stewart, #23834
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202-5647
Telephone: (303) 244-1800
Facsimile: (303) 244-1879
Email: stewart@wtotrial.com

*Attorneys for Defendant, Voya Financial, Inc., ING Institutional Plan Services, LLC, ING Investment Advisors, LLC, and State Street Corporation*