IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-01579-RPM

KARI TANDY,

    Plaintiff,

v.

VOYA FINANCIAL, INC., f/k/a ING U.S., INC.; ING INSTITUTIONAL PLAN SERVICES, LLC f/k/a CITISTREET, LLC; ING INVESTMENT ADVISORS, LLC; CITIGROUP, INC.; STATE STREET, CORP. d/b/a/ STATE STREET RETIREE SERVICES and CITISTREET; and CENTURY LINK, INC., Defendants.

_____

**PLAINTIFF'S RESPONSE TO DEFENDANTS VOYA FINANCIAL, INC., ING INSTITUTIONAL PLAN SERVICES, LLC, AND STATE STREET CORPORATION'S PARTIAL MOTION TO DISMISS UNDER FED.R.CIV.P. 12(b)(6) AND FED.R.CIV.P. 41 VOLUNTARY DISMISSAL OF NEGLIGENCE CLAIM AGAINST MOVING DEFENDANTS**
_____

THE PLAINTIFF, by and through her counsel of record and for her Response states the following:

**INTRODUCTION**

This is a suit concerning the inappropriate distribution of 401K funds by Defendants Voya Financial, ING Institutional Plan Services, ING Investment Advisors, and State Street ("Defendants").  These funds were inappropriately distributed to an individual believed to be the ex-husband of Ms. Tandy to secretly deprive Ms. Tandy of these funds.  Disbursement occurred because Defendants failed to notice certain red flags and failed to follow common security protocol for the disbursement of funds.

These Defendants seek a partial dismissal of the fiduciary claims.  Defendants' motion fails as to its attempt to limit the fiduciary claims based upon the six-year limitation in Sec. 1113. That section specifically states that the time period does not start until after the last action constituting breach and cases have interpreted this to mean the last related act is a series of acts, which occurred in this matter through July 30, 2008.

Defendants' assertion that benefits claims against them fail because there are no funds left in Ms. Tandy's account misinterpret the law on which they rely, and would require this Court to rule contrary to a large number of published cases where benefits claims have asserted for missing funds.

The assertion that the benefits claims against Defendants fall outside the statute of limitations applies a limitation period that is inappropriate as previously established by the District of Colorado.  Further, the assertion fails to recognize that such a benefits claim does not accrue until administrative procedures are exhausted.

The negligence claim should not be dismissed because the moving defendants consent that they are ERISA fiduciaries and that this is an ERISA plan, and, as such, the negligence claim which was pled in the alternative is being voluntarily dismissed by Plaintiff.  Further, the claim is timely because notice of essential elements of the claim did not occur until December 2013.

Finally, Defendant State Street seeks dismissal because it asserts that insufficient facts have been alleged against it in the Complaint.  However, the Complaint clearly identifies State

Street as administering the plan and controlling the individuals making disbursements, and describes those disbursements and the errors in detail.

## BACKGROUND

This matter involves the unauthorized distributions by Defendants of the retirement savings, a 401K account, of Ms. Kari Tandy. Ms. Tandy ceased her employment with US West in 1997 to stay at home with her young children. She kept her 401K with her prior employer because she did not have a current employer to whom she could roll her benefits. As the benefits were being held, US West became Qwest, and then Century Link.

As the Complaint points out in detail in paragraphs 15 through 27, on 6 different occasions between January 11 and July 30, 2008, an individual seeking disbursement of funds called claiming to be Kari Tandy on some calls and claiming to have the authority of Kari Tandy on other calls.[1] Defendants Voya Financial, ING Institutional Plan Services, ING Investment Advisors, and State Street each served as either custodian of the funds in question, operated and controlled the call center that distributed the funds, served as the administrative entity controlling the payments in question, controlled fund records, and were in charge of the security of the funds. Defendants mailed a check to the caller in response to each one of these calls.

As to these calls, the Complaint, in paragraphs 15 through 27 and 32, states that the irregularities of each call, such as the caller, a male, claiming to be Kari Tandy, a female; checks were issued without requesting a personal identification number or utilizing some other sufficient

---

[1] As stated in the Complaint, the calls occurred on the following dates in 2008: January 11, February 23, March 11, April 14, June 19 and July 30.

3

verification of the caller's identity or authority to withdraw funds; and the caller identified himself as Jeff Tandy when Ms. Tandy's husband was named Peter Tandy.

The Complaint asserts that Ms. Tandy did not know of the withdrawals and had no way to reasonably discover that funds were being withdrawn from her account:

> Plaintiff did not discover the unauthorized transactions until December 2013. She believes that her ex-husband made the unauthorized withdraws. Kari Tandy did not have notice of the withdrawals prior to December 2013 and believes her ex-husband simply removed the relevant quarterly report from the mail upon receipt. Upon learning of the unauthorized withdraw, Plaintiff immediately contacted the Plan Administrator to inform of the issue. Plaintiff also contacted law enforcement concerning the issue.
>
> Complaint para. 31.

The realization that funds were being withdrawn came to light in December 2013 as part of the divorce proceedings with her husband.

Ms. Tandy filed and commenced suit concerning the withdrawals on June 4, 2014.[2] The allegations being that Defendants breached their fiduciary duties by distributing funds to an individual who was clearly not Ms. Tandy and clearly not authorized by Ms. Tandy and for benefits in the form of the wrongly disbursed funds.

## STANDARD OF REVIEW

Defendants seek partial dismissal pursuant to Rule 12(b)(6). Dismissal under Rule 12(b)(6) is a harsh remedy. *Dias v. City and County of Denver*, 567 F.3d 1169, 1178, (10th Cir.

---

[2] Defendants assert that the claim was commenced on June 25, 2014 and that any alleged action occurring prior to June 25, 2008 would be precluded. However, as the docket shows, the case was actually filed on June 4, 2014. This is the date suit commenced. Fed.R.Civ.P 3.

2009). All reasonable inferences from the complaint must be seen in the light most favorable to the Plaintiff. *Dias v. City and County of Denver*, 567 F.3d 1169, 1178, (10th Cir. 2009). The remedy is limited only to situations where Plaintiff can state no plausible facts entitling Plaintiff to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plausible facts pled in the complaint must be accepted as true. *Id.*

## ARGUMENT

Defendant seeks to dismiss a portion of the suit, those apparently being damages from Defendant's fiduciary breaches occurring more than six years prior to filing, benefits claims against the moving Defendants, the negligence claim, and the claim against Defendant State Street. For the reasons stated below, Ms. Tandy asserts that Defendants' motion should be denied in its entirety. The Complaint states valid causes of action for which relief can be granted for all asserted causes of action.

### I. Six-Year Limitation for ERISA fiduciary breach does not start until the date of the "last action."

Plaintiff's ERISA fiduciary claims are not precluded by the statute of limitations because the violation was continuing and ongoing and was not actually discovered until December 2013. The statute of limitations for breach of fiduciary duties under ERISA, as stated by Defendants, is as follows:

(1) Six years after (A) the date of *the last action which constituted a part of the breach or violation* […] or
(2) three years after the earliest date (A) on which the plaintiff had *actual knowledge* […]

29 U.S.C Sec. 1113 [emphasis supplied]

As stated under subsection (1) of Sec. 1113, the six years runs from the *last breach*. Courts have almost uniformly interpreted this to mean that the continuing breach doctrine applies to Sec. 1113(1), and that the six-year limitations period of Sec. 1113(1) does not begin to run until the last breach in a series of distinctive breaches unknown to Plaintiff. *Tibble v. Edison Intern.*, 729 F.3d 1110, 1119-1120, (9th Cir. 2013) (stating that the six years starts anew with each distinct action in breach rather than the status quo); *Carollo v. Cement and Concrete Workers*, 964 F.Supp. 677, 687-688 (E.D.N.Y. 1997) (the last act triggering the six years is any year where the plan is in breach); *In re Fruehauf Trailer Corp.*, 250 B.R. 168, 203 (D.Del. 2000) (Continuing violation theory of Sec. 1113(1) appropriate when each act results in a new injury); *Schloegel v. Boswell,* 751 F.Supp. 642,644 (S.D. Miss. 1990); (last distribution of funds determined the last action constituting breach and starting the time under Sec. 1113(1)); *Webb v. Gardner, Carton & Douglas*, 899 F.Supp.2d 788, 795 (N.D.Ill. 2012) ("continuing violation should apply where repeated decision making occurs"); *Olivo v. Elky*, 646 F.Supp.2d 95, 102 (D.D.C. 2009) (continuing violation tolls the six years under Sec. 1113(1) where clear affirmative duty was breached multiple times); *Novella v. Westchester County*, 661 F.3d 128, 146 (continuing violation for Sec. 1113(1) is appropriate where separate violations of the "same type, or character, are repeated over time") .

As Defendants identify in their brief, the Complaint alleges breaches of fiduciary duties in a "series of discrete events" involving the same general breach of payment of benefits to an unauthorized person. Motion, pg. 6. The last of these occurred on July 30, 2008. Looking at the Complaint, for each call, there was a decision to accept the representations of the caller, a determination that the requested withdrawal was authorized, and a check was issue based upon

these decisions. Each one of these specific decisions injured the Plaintiff. The statute of limitations has not expired on any of the alleged violations because the last action under Sec. 1113(1) was the final distribution on July 30, 2008.[3]

Alternatively, the limitations period is tolled under Sec. 1113 for fraud or concealment. Sec. 1113 states that in the case of fraud *or* concealment, such actions may be commenced not later than six years after the date of discovery of such breach or violation. At least one Circuit has determined that only a self-concealing ERISA violation needs to be pled to avail a plaintiff to such tolling. *In re Unisys Retirement Benefit ERISA Litigation*, 242 F.3d 497, 503 (3rd Cir.2001). The present matter involves such a self-concealing violation. The action of sending funds to an individual falsely claiming to be the plan participant is a violation that is inherently concealed from a plan participant.

**II.     Lack of Funds in the Account Does Not Give Grounds for Dismissal**

Defendants assert that a benefits claim cannot be maintained since it distributed all the funds and asserts that the unpublished *Russell* case supports this assertion. Defendants' reading of *Russell* misconstrues the holding. The Court in *Russell* never stated that a party could not sue for funds that are not in an account. The Court simply corrected a misstatement made by the plaintiff in that case. The plaintiff stated that she says she was seeking recovery of benefits held "in the IRA", but since the IRA was worthless the Court corrected the statement by stating that she is seeking "reimbursement from Chase [the defendant]." *Russell v. Chase Inv. Services*

---

[3]The only cases where continuing violation not accepted are cases where the plaintiff had actual knowledge of breach more than three years prior, triggering Sec. 1113(2). Actual knowledge is not alleged by Defendants and Ms. Tandy has pled that she did not have actual knowledge until just prior to filing.

*Corp.*, 384 Fed App'x 753, 755 (10th Cir. 2010).  The Tenth Circuit then determined that the Plaintiff in Russell only pled a fiduciary case which was barred by the statute of limitations and not that the case was improper because no funds remained in the account.

If the lack of benefits in an account meant that an individual could not bring a benefits suit it would eliminate cases concerning a failure of benefits to be funded, and alienation of benefits, in addition to cases concerning wrongful transfer of funds.  Many cases apply Sec. 1132 concerning missing benefits or claims for funds not in the claimant's account.  *See Aull v. Cavalcade Pension Plan,* 988 F.Supp. 1360, 1367 (D.Colo.1997) (Claim for benefits for missing funds against plan where account closed after account transferred to new plan); *State Street Bank and Trust v. Denman Tire Corp.,* 240 F.3d 83, 88-89 (1st Cir. 2001) (State Street allowed to claim misallocated funds under Sec. 1132); *Line Const. Benefit Fund v. Allied Electrical Contractors*, 591 F.3d 576, 578-579 (7th Cir. 2010) (Suit for missing funds allowed under Sec. 1132); *Patterson v. Shumate*, 504 U.S. 753, 759(1992) (recognizing action under Sec. 1132 for inappropriate assignment or alienation of ERISA funds).

### III.     Complaint States a Claim within the Benefits Statute of Limitations

Defendants seek to dismiss benefits claims by erroneously applying the three-year instead of the six-year breach of contract statute of limitations.  In the District of Colorado, the appropriate statute of limitations is six years for ERISA benefits claims involving the inappropriate transfer of funds.  *Aull,* 988 F.Supp. at 1367-1368, *citing Millwrights Health Benefit Trust Fund v. Lillard & Clark Construction Co., Inc*., 780 F.Supp. 738, 741-42 (D.Colo.1990) (plaintiff seeking delinquent, missing payments in a benefits case and the District

of Colorado determined the six-year statute applied). This is based upon the six-year limitation period for breach of contract found in 13-80-108(4). *Id*.

*Aull* is very similar to the present matter. In *Aull*, plaintiffs brought suit for missing funds when the inappropriate amount of funds was transferred to a new plan. Judge Daniel in *Aull* analyzed the two breach of contract limitation periods under Colorado law and determined that the six-year period applied because it was a contractual claim for money damages in a calculable form. *Id*. The missing funds in the present matter, the funds inappropriately sent to Ms. Tandy's ex-husband, are just as calculable as the missing funds in *Aull*. Both involved a set dollar amount from the inappropriate transfer.

Defendants argue in a footnote that *Aull* does not apply and that the time period is only three years rather than the six years identified in *Aull*. Defendant offers no case applying the three-year statute, in contradiction to *Aull* and *Lewis & Clark*.

Defendants state that calculating the damages in the present matter is much different than *Aull*. The damages are no more difficult to calculate than the damages in *Aull*. Plaintiff seeks the amount of funds wrongfully distributed. Defendants assert that the ability to withdraw or deposit funds in a 401K make it different then a pension account. First, it ignores the fact that Ms. Tandy was no longer working for her former employer so no funds were being deposited and since she was not retirement age no funds were being withdrawn. Second, just like *Aull*, the damages sought are the amount owed at the time of transfer. Determining this amount in the present matter is easier than *Aull*, since the amount in the present matter is simply the amount of the checks wrongfully distributed.

Even if Defendant's assertion could be considered correct that the Colorado three-year statute of limitations, the cause of action did not accrue until a time within the three-year period. Federal law determines when ERISA benefits claims accrue while state law determines the limitations time period and, "'Uniformly, courts recognize that an ERISA [claim for benefits] cause of action accrues when an application of benefits is denied.'" *Held v. Manufacturers Hanover Leasing Corp.*, 912 F.2d 1197, 1205 (10th Cir. 1990), *citing Dameron v. Sinai Hospital*, 595 F.Supp.1404, 1413 (D.Md.1984); *Jenkins v. Local,* 713 F.2d 247, 254 (7th Cir. 1983); *Reiherzer v. Shannon*, 581 F.2d 1266, 1272, (7th Cir. 1978) *abrogated on other grounds*; *Oates v. Teamster Affiliates Pension Plan*, 482 F.Supp. 48, 484 n.7 (D.D.C.1979). Otherwise, ERISA benefits claims would be dismissed before administrative procedures were attempted, thus, they could be dismissed before they were ripe for adjudication. *Held at id.*

Here, the claim for benefits was made on June 4, 2014 and denied on August 29, 2014[4]. Viewing the Complaint in a light most favorable to Ms. Tandy, the Complaint states that Ms. Tandy did not even contact the administrator about the misappropriation until December 2013 at the earliest. The Complaint identifies that Ms. Tandy first received notice of inappropriate withdrawals in December 2013. As the docket manifests, Ms. Tandy filed her Complaint on June 4, 2014.

While Defendants assert a different rule for accrual, they provide no case law interpreting the statute they allege controls, let alone any law concerning the accrual of ERISA under Sec. 1132. As such, the argument should be disregarded. Notwithstanding, the Complaint describes

---

[4] This matter was stayed while the administrative claim was being determined and administrative appeal being made and determined. The administrative appeal was finalized in January 2015.

that Ms. Tandy's actions were reasonable in that she had no way of knowing that the funds were being withdrawn by her husband because her husband, residing in her home, was removing the statements from the mail, the statements from Defendants did not go on for three years and likely stopped after the last of the funds were withdrawn on July 30, 2008, and that Ms. Tandy made her claim within a few months of notice.

### IV. Negligence Claim Should Not be Dismissed

The Complaint specifically states that negligence is plead in the alternative to the extent that any Defendant asserts that ERISA does not apply. Since Defendants concede that they are all ERISA fiduciaries and that the plan in question is an ERISA plan the Plaintiff will voluntarily dismiss the count against Defendants without prejudice pursuant to Fed.R.Civ.P. 41(A)(1)(a)(i).

Even if the common law causes of action were necessary, the negligence cause of action would survive the statute of limitations. The limitations period does not start until the Plaintiff reasonably discovers the elements of the negligence cause of action, which includes knowledge of the damages and that the damages were caused by the wrongful conduct of defendant. *Coburn v. Kopit*, 59 P.3d 295, 296-297 (Colo.App.2002). As stated in the complaint, this did not occur until December 2013.

### V. Sufficient Facts are Alleged Against State Street

State Street asserts that the Complaint fails to allege any substantive allegations against State Street. However, Plaintiff respectfully disagrees. The Complaint alleges the following:

> "State Street, Corp. d/b/a CitiStreet and State Street Retiree Services, has been identified by the current plan administrator as being an administrator or record

>keeper of the Plan during the period in question. At the time in question, State Street was a joint venture partner with CitiGroup in the operation of CitiStreet." [Complaint para. 9]
>
>"Citistreet, LLC, is identified on monthly statements as administering the 401K plan and it is believed that this entity participated in the control of the individuals who inappropriately distributed funds from the retirement account of Plaintiff." [Complaint para.7].

In sum, State Street is identified not only as the possible plan administrator but as an entity with control of the individuals who inappropriately distributed funds from Plaintiff's retirement account.

The Complaint goes on in great detail to describe the distributions, made by those State Street controlled, and why the distributions were inappropriate. This includes the person requesting funds identifying the wrong name for Plaintiff's husband [para. 15 and 16], the forwarding of large sums of money without written authorization [para. 17], distributing funds based only on oral representations that the plan member, a person claiming to be Ms. Tandy, approved [para. 20], distributing funds to someone without requesting a personal identification ("PIN") number [para. 32], and distributing funds to someone with a male voice claiming to be the female plan participant [para. 26]. The dates of each of these breaches is listed in the Complaint.

Defendant State Street asserts that dismissal is mandated by *Aschcroft v. Iqbal*, 556 U.S. 662 (2009). The assertion of Defendant State Street is that since the breaches were alleged to have been done by "Defendants" there is not enough specificity. However, *Iqbal* does not require this. *Iqbal* states that all is needed is a "short and plain statement of the claim showing that the pleader is entitled to relief" and that this simply means the complaint must say more than

12

a generic "defendant-unlawfully-harmed-me" accusation.  Id at 678.  The Complaint simply identifies actors as "Defendants" since the Defendants, like State Street, acted in concert with other Defendants in their duties, including the control of the individuals inappropriately distributing funds [paras. 6-11].  Consequently, sufficient specificity is stated.

Notwithstanding, if the Court deems that more specificity is required, Plaintiff should be allowed the opportunity to amend the complaint to provide more specificity.  *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (leave should be granted to amend complaint prior to dismissing if such amendments are not futile), *See also Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010).

WHEREFORE, Plaintiff respectfully requests that this Court either deny Defendant's Motion in full or grant her leave to make appropriate changes to the Complaint, dismissal of the negligence claim against Defendants without prejudice, and for all other and further relief this Court deems just and appropriate.

Respectfully submitted this 29th day of January, 2015,

> */s/ Jeffrey Pederson*
> Jeffrey Pederson
> Jeffrey Pederson, P.C.
> 5619 DTC Pkwy., Suite 1100
> Greenwood Village, Colorado 80111
> Telephone: (303) 300-5022
> E-mail: jdp@jpedersonlaw.com,
>
> Attorney for Plaintiff

CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on January 29, 2015, I caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- Daniel Robert Thies

dthies@sidley.com, efilingnotice@sidley.com

- Edward Craig Stewart

stewart@wtotrial.com, graham@wtotrial.com, powell@wtotrial.com

- Joel Stephen Feldman

jfeldman@sidley.com, efilingnotice@sidley.com

- Elizabeth I. Kiovsky

beth@kdemploymentlaw.com

*/s/ Jeffrey Pederson*
Jeffrey Pederson
Jeffrey Pederson, P.C.
5619 DTC Pkwy., Suite 1100
Greenwood Village, Colorado 80111
Telephone: (303) 300-5022
E-mail: jdp@jpedersonlaw.com

*Attorney for Plaintiff*