**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-01579-RPM

KARI TANDY,

        Plaintiff,

v.

VOYA FINANCIAL, INC., f/k/a ING U.S., INC.;
ING INSTITUTIONAL PLAN SERVICES, LLC f/k/a CITISTREET, LLC;
ING INVESTMENT ADVISORS, LLC
CITIGROUP, INC.;
STATE STREET, CORP. d/b/a/ STATE STREET RETIREE SERVICES and CITISTREET;
and
CENTURY LINK, INC.,

        Defendants.

---

**DEFENDANTS VOYA FINANCIAL, INC., ING INSTITUTIONAL PLAN SERVICES, LLC, ING INVESTMENT ADVISORS, LLC, AND STATE STREET CORP.'S REPLY IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

---

        Defendants Voya Financial, Inc., ING Institutional Plan Services, LLC, ING Investment Advisors, LLC, and State Street Corporation (the "Moving Defendants") submit this reply brief in support of their motion to dismiss.

**Introduction**

        Plaintiff attempts to remedy the tardy filing of her ERISA claim for breach of fiduciary duty (Count I) by invoking the "continuing violation" doctrine. That doctrine, however, does not apply in ERISA cases. *See Tibble v. Edison Int'l*, 729 F.3d 1110, 1119 (9th Cir. 2013), *cert. granted*, 135 S. Ct. 43 (2014) (refusing to "equitably engraft onto, or discern from the text of section 413 a 'continuing violation theory'"). Even if it did apply to ERISA, the doctrine does not remedy the late filing of "discrete acts which must be regarded as individual violations."

*Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1184 (10th Cir. 2003). Plaintiff admits that the Complaint alleges "a series of discrete events." Dkt. 25 at 6-7. She could not argue otherwise, given that each of the Moving Defendant's allegedly mistaken payments from her 401(k) account to her husband was an independent occurrence that established an independent claim for relief. The six-year limitations period thus started for each payment at the time the payment was made. All claims based on payments made more than six years prior to the commencement of Plaintiffs' suit are therefore untimely. *See* 29 U.S.C. § 1113(1).[1]

Count II must also be dismissed because Plaintiff cannot maintain a suit for the payment of ERISA benefits under 29 U.S.C. § 1132(a)(1)(B) when there are no funds remaining in her account. *Russell v. Chase Inv. Servs. Corp.*, 384 Fed. App'x 753, 755 (10th Cir. 2010). Although Plaintiff cites a number of cases where courts allowed ERISA claims to proceed without funds remaining in the account, none of these cases involved a claim for benefits under 29 U.S.C. § 1132(a)(1)(B). They instead involved other statutory provisions and other theories of recovery under ERISA. Plaintiff's cases are therefore consistent with the Moving Defendants' argument that her sole remedy is a claim for breach of fiduciary duty, and not a claim for benefits.

Next, Count III must be dismissed because Plaintiff has voluntarily withdrawn it.

Finally, Plaintiff seeks to justify her claims against Defendant State Street Corp. ("State Street") because it was a corporate parent of the entity administering Plaintiff's account. This attempt fails, because corporate parents are not responsible for the acts of their subsidiaries. *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law

---

[1] Plaintiff is correct that the lawsuit commenced on June 4, 2014, rather than June 25, 2014, as the Moving Defendants erroneously stated in their motion. Thus, all of Plaintiffs' claims regarding payments made before June 4, 2008, are untimely.

deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiary" (internal quotation marks omitted)).

Accordingly, the Court should dismiss Counts II and III in their entirety, dismiss all claims against State Street, and dismiss Count I with respect to all conduct that occurred prior to June 4, 2008.

## Argument

### I. Count I Is Barred By ERISA's Six-Year Absolute Limitations Period.

As explained in the Moving Defendants' opening brief, nearly all of Count I of the Complaint is barred by ERISA's six-year statute of limitations. 29 U.S.C. § 1113(1). Any instance in which the Moving Defendants allegedly disbursed funds to Plaintiff's husband, prior to six years before the lawsuit commenced, cannot form the basis of Plaintiff's claims for relief.

#### A. The Continuing Violation Doctrine Does Not Apply.

Plaintiff contends that the continuing violation doctrine applies. According to Plaintiff, the statute of limitations resets each time the Moving Defendants allegedly disbursed funds to her husband. There are two problems with this argument. First, three federal appellate courts have rejected application of the "continuing violation" theory to ERISA. *Fuller v. SunTrust Banks, Inc.*, 744 F.3d 685, 702 (11th Cir. 2014); *Tibble v. Edison Int'l*, 729 F.3d 1110, 1120 (9th Cir. 2013), *cert. granted*, 135 S. Ct. 43 (2014); *David v. Alphin*, 704 F.3d 327, 341 (4th Cir. 2013). In *Tibble*, for example, the Ninth Circuit explicitly refused to "equitably engraft onto, or discern from the text of section 413 a 'continuing violation theory.'" *Tibble*, 729 F.3d at 1119. The Ninth Circuit reasoned that allowing a plaintiff to complain of conditions that existed outside of the limitations period merely because they persisted during the limitations period

3

would "would make hash out of ERISA's limitation period and lead to an unworkable result." *Id.*

Second, even if the continuing violation doctrine could apply under ERISA, it would not apply in these circumstances. The continuing violation doctrine originally developed in the employment discrimination context. It "allows a plaintiff to recover 'for discriminatory acts that occurred prior to the statutory limitations period if they are part of a continuing policy or practice that includes the act or acts within the statutory period.'" *Daniels v. UPS*, 701 F.3d 620, 631-32 (10th Cir. 2012) (citation omitted). The doctrine does not apply if the acts inside the limitations period and outside the limitations period are "discrete acts which must be regarded as individual violations." *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1184 (10th Cir. 2003). The key inquiry is whether the earlier acts are sufficient to make a "reasonable person" aware of the violation. *Id.* If the person knew or "through the exercise of reasonable diligence would have known," of the violation at the time of the earlier events, the continuing violation doctrine does not apply. *Id.*; *accord Martin v. Nannie & The Newborns, Inc.*, 3 F.3d 1410, 1415 n.6 (10th Cir. 1993) ("[I]f an event or series of events should have alerted a reasonable person to act to assert his or her rights at the time of the violation, the victim cannot later rely on the continuing violation doctrine . . . .").

Plaintiff admits that the Complaint alleges "a series of discrete events" that were each the result of Defendants' "specific decisions" to accept the representations of the caller and issue payments. Dkt. 25 at 6-7. After each one of the disbursements, Plaintiff knew or should have known that payments had been made from her account in error. A simple inquiry about the value of her account would have tipped her off to the potential violation. Based on the allegations in her own Complaint, Plaintiff apparently failed to inquire about the value of her 401(k) account

4

for over six years despite not receiving any quarterly statements reflecting the account value due to her ex-husband stealing them. Compl. ¶ 31. This failure to make even a minimal inquiry represents an extreme lack of diligence. Because each payment represents a separate violation, and because Plaintiff should have known of each violation at the time it occurred, the continuing violation doctrine does not help Plaintiff, even if it applied. *See Pike v. City of Mission*, 731 F.2d 655, 660 (10th Cir. 1984) ("However, a plaintiff may not use the continuing violation theory to challenge discrete actions that occurred outside the limitations period.").

The cases Plaintiff cites are not to the contrary. Plaintiff's description of *Tibble* and *Carollo* is inaccurate. In *Tibble*, the court actually held that a plaintiff *cannot* complain of conditions that existed outside of the limitations period. *Tibble*, 729 F.3d at 1119. In *Carollo*, the court held only that the existence of a particular condition prior to the limitations period does not preclude a plaintiff from seeking damages for that same condition if it persists into the limitations period. *Carollo v. Cement & Concrete Workers Dist. Council Pension Plan*, 964 F. Supp. 677, 688 (E.D.N.Y. 1997). The court carefully limited its holding, however, by noting that the plaintiff could not recover for any conduct prior to the limitations period. *Id.* ("Claims can only be maintained for those breaches in the six-years preceding the commencement of this suit.").

Plaintiff also cites *Fruehauf Trailer*, but that case merely confirms the test explained above, that "[t]he test for whether subsequent acts constitute continuing violations is whether each overt act results in a new injury to the plaintiff." *End of the Road Trust ex rel. Fruehauf Trailer Corp. v. Terex Corp. (In re Fruehauf Trailer Corp.)*, 250 B.R. 168, 203 (D. Del. 2000).

Again, the payments at issue here were each discrete acts, and so each is subject to its own limitations period.

Finally, the court in *Webb*, *Olivo*, and *Novella* held that the plaintiff's challenges to payments made during the limitations period were untimely, because they were the result of a single decision made prior to the limitations period. *Novella v. Westchester Cnty.*, 661 F.3d 128, 145-46 (2d Cir. 2011); *Webb v. Gardner, Carton & Douglas LLP Long Term Disability Plan*, 899 F. Supp. 2d 788, 794-95 (N.D. Ill. 2012); *Olivo v. Elky*, 646 F. Supp. 2d 95, 102 (D.D.C. 2009). These cases merely confirm that conduct that persists into the limitations period does not necessarily render related conduct outside the limitations period timely, and thus do not assist Plaintiff here.

### B.   Plaintiff Failed to Plead Fraud or Concealment Adequate to Toll the Limitations Period.

Plaintiff does not dispute that she failed to plead that any of the Moving Defendants actively concealed their conduct. She instead speculates that the conduct at issue was somehow "self-concealing," and that this is sufficient to toll the limitations period. *See* 29 U.S.C. § 1113. That assertion misstates the law, which requires that fraud be alleged with specificity. Fed. R. Civ. P. 9(b); *Tuft v. First Trust Corp.*, Civil Action No. 86-K-1686, 1986 U.S. Dist. LEXIS 18544, at *6 (D. Colo. Oct. 24, 1986).  Here, there is no allegation of fraud or concealment, so the Complaint fails to meet this standard.

Plaintiff is correct that courts deem certain conduct to be "self-concealing," but this simply refers to "an act committed during the course of the original fraud that has the effect of concealing the fraud from its victims," as compared with "acts intended to conceal the original fraud that are distinct from the original fraud." *In re Unisys Corp. Retiree Med. Benefit "ERISA"*

*Litig.*, 242 F.3d 497, 502-503 (3d Cir. 2001) (citation omitted). The Moving Defendants' acts here are not "self-concealing" in this sense, because Plaintiff alleges no facts showing that that the Moving Defendants concealed the payments from her in any way. To the contrary, the Complaint acknowledges that the Moving Defendants sent Plaintiff quarterly reports about the value of her account. Compl. ¶ 31. Such an allegation is inconsistent with any theory that the Moving Defendants concealed their conduct. *See Enneking v. Schmidt Builders Supply Inc.*, 917 F. Supp. 2d 1200, 1207 (D. Kan. 2013) ("Concealment by mere silence is not enough. There must be some trick or contrivance intended to exclude suspicion and prevent inquiry." (citation omitted)).

### II.     Plaintiff's Claim for Benefits (Count II) Should Be Dismissed Because Her Sole Remedy is a Claim for Breach of Fiduciary Duty.

As the Moving Defendants explained in their opening brief, Plaintiff cannot raise a claim for the payment of benefits under 29 U.S.C. § 1132(a)(1)(B), because there are no longer any funds in her account. *Russell v. Chase Inv. Servs. Corp.*, 384 Fed. App'x 753, 755 (10th Cir. 2010). In her response Plaintiff correctly asserts that *Russell* nonetheless allowed a claim to go forward. The *Russell* court did not allow a claim for benefits under § 1132(a)(1)(B), however, instead holding that the plaintiff's sole remedy was in her claim for breach of fiduciary duty. *Id.* at 754-55. Plaintiff's remedy here is similarly only a claim for breach of fiduciary duty, and so Count II should be dismissed.

Plaintiff cites a plethora of cases supposedly to the contrary, but none of these cases allow a claim for benefits to proceed under § 1132(a)(1)(B) when there are no funds remaining in the account. All instead allow the plaintiff to seek recovery under some other provision or theory. *See Aull v. Cavalcade Pension Plan*, 988 F. Supp. 1360, 1362, 1366 (D. Colo. 1997)

(claims under § 1132(a)(2) and § 1132(a)(3)(B)); *State St. Bank & Trust Co. v. Denman Tire Corp.*, 240 F.3d 83, 88-89 (1st Cir. 2001) (restitution under federal common law); *Line Constr. Benefit Fund v. Allied Elec. Contractors, Inc.*, 591 F.3d 576, 579-80 (7th Cir. 2010) (claims under § 1132(a)(3)); *Patterson v. Shumate*, 504 U.S. 753, 760 (1992) (recognizing claim under § 1132(a)(3) & (a)(5)). Accordingly, none of these cases support allowing Plaintiff to proceed with a claim for benefits under § 1132(a)(1)(B).

### III.   Plaintiff Has Voluntarily Dismissed Her Negligence Claim (Count III).

Plaintiff has voluntarily dismissed her claim for negligence. The court should thus dismiss this claim as well.

### IV.   The Complaint Fails to State a Claim Against State Street.

Plaintiff's response indicates that the sole basis for her claim against Defendant State Street is that State Street was part of joint venture that operated Citistreet, LLC, the entity that allegedly inappropriately distributed funds to Plaintiff. Compl. ¶ 9. Even assuming that Citistreet, LLC is somehow liable, however, the mere fact that Citistreet, LLC is a subsidiary of State Street is not enough to bring State Street within the scope of the allegations of the Complaint. *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiary" (internal quotation marks omitted)). Because the Complaint fails to specify any acts that State Street itself took that make it liable to Plaintiff, all counts of the Complaint against State Street should be dismissed. *See Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 522 (10th Cir. 2013) (dismissing a count when the complaint "fail[ed] . . . to specify what those acts were" that led to the alleged liability).

Moreover, Plaintiff's mere inclusion of State Street within the generic term "Defendants" is insufficient, because merely "lump[ing] together" defendants through generic assertions of unlawful conduct is insufficient to provide the "fair notice" required by Federal Rule of Civil Procedure 8. *In re Sagent Tech., Inc. Derivative Litig.*, 278 F. Supp. 2d 1079, 1094-95 (N.D. Cal. 2003) (citation omitted); *see also Wilson v. Phillips*, No. 1:09CV36, 2009 WL 961950, at *2 (E.D. Mo. Apr. 7, 2009) ("Plaintiff is required . . . to set out . . . the fact supporting his claims as to *each* named defendant." (emphasis added)); *Hardy v. U.S. Dep't of Interior*, Civ. No. 07-3858, 2007 WL 3375774, at *2 (D. Minn. Nov. 7, 2007) (dismissing complaint because the plaintiff failed to "describe[] what each individual named Defendant allegedly did, or failed to do, that assertedly would entitle the Plaintiff to a Judgment against each of them."). Accordingly, all claims against State Street should be dismissed.

## Conclusion

For the reasons stated above, the Moving Defendants respectfully request that the court dismiss Counts II and III in their entirety, and also dismiss Count I with respect to all incidents of unauthorized withdrawal that occurred prior to June 25, 2008. The court should also dismiss all counts against defendant State Street Corp.

Respectfully submitted,

/s/ Joel S. Feldman
Edward C. Stewart
stewart@wtotrial.com
Wheeler Trigg O'Donnell
370 Seventeenth Street
Suite 4500
Denver, Colorado 80202-5467
Telephone: (303) 244-1853

Joel S. Feldman (*pro hac vice*)
jfeldman@sidley.com
Daniel R. Thies (*pro hac vice*)
dthies@sidley.com
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Attorneys for Defendants Voya Financial, Inc., ING Institutional Plan Services, LLC, ING Investment Advisors, LLC, and State Street Corporation

February 17, 2015

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on February 17, 2015, I caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Jeffrey Pederson**
  jdp@jpedersonlaw.com

s/ Joel S. Feldman
Joel S. Feldman
Daniel R. Thies
Sidney Austin LLP
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-2030
Facsimile: (312) 853-7036
Email: jfeldman@sidley.com

Edward C. Stewart, #23834
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202-5647
Telephone: (303) 244-1800
Facsimile: (303) 244-1879
Email: stewart@wtotrial.com

*Attorneys for Defendant, Voya Financial, Inc., ING Institutional Plan Services, LLC, ING Investment Advisors, LLC, and State Street Corporation*